# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CRAIG MURPHY,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
DEPARTMENT OF THE TREASURY -
INTERNAL REVENUE SERVICE, *et al*.,

    Defendants.

Case No. 2:10-CV-01945-KJD-GWF

**ORDER**

Before the Court is Defendant United States of America, Department of the Treasury's Motion for Summary Judgment and for Distribution of Interpleader Funds (## 37, 42). Defendant Edmund C. Botha filed an Opposition and Counter Motion for Summary Judgment (## 42,45) to which Defendant Terry Lato joined (#52) and the Government filed a reply and response (#46, 47). The Government also responded to Terry Lato's Joinder (#57). Also before the Court is Plaintiff Craig J. Murphy's Motion to Deposit Funds (#49) to which the Government has responded (#50). Also before the Court is Defendant Terry Lato's Motion to Set Aside the Entry of Default (#54) to which the Government has responded (#56).[1]

---

[1] In future filings, the Court requests that the parties take note of District of Nevada Special Order 109 which requires that "[a] separate document must be filed for each type of document or purpose."

I.  Motion to Deposit Funds

Craig Murphy, the Plaintiff in this interpleader action, received an award of attorney's fees in a case in which Edmond C. Botha is entitled to a referral fee of $24,560.  That fee (the "Fund") is the subject of this interpleader action.  Plaintiff interpleaded the Fund with the Court and was discharged from further liability on June 28, 2011.  However, Plaintiff has filed a motion seeking to interplead an additional $6,315.68 in referral fees to which Mr. Botha is entitled.  The Government has asked that this amount be added to the Fund for purposes of the pending motions.  Plaintiff's Motion to Deposit Funds (#49) is granted and the additional proceeds will be considered part of the Fund.

II.  Background

The facts at issue here are not in dispute.  In 2009 Botha was convicted in the United States District Court of Nevada of willful evasion of payment of federal income tax (26 U.S.C. §7201) for the tax years 1998 through 2001 and sentenced for 60 months. Case No. 06-CR-274-KJD-LRL.  Botha is currently incarcerated and is due to be released on May 13, 2014.  The Government has made assessments against Botha for the years 2000 - 2006.  The Government has also filed notices of federal tax liens against Botha.  The total outstanding balance of the income tax liabilities due as of September 2 , 2011, including statutory accruals through that date, is $2,962,876.85 plus interest and statutory additions accrued thereafter less any applicable credits.

This action was filed in November, 2010.  Plaintiff filed a waiver of service of summons signed by Defendant Terry Lato, who is the mother of two of Botha's children.  On April 29, 2011 the Clerk of Court entered a Default (#22) against Terry Lato for failure to plead or otherwise defend the action.

The Fund is comprised of referral fees owed to Botha by Plaintiff.  The Government contends that the Fund should be applied to Botha's tax liabilities.  Botha argues that the fund should be used to pay his child support obligations to Lato.  Lato has moved the Court to set aside the default against her and has filed a joinder to Botha's Counter Motion for Summary Judgment which

asserts that Lato should be allowed to claim the Fund in satisfaction of Botha's child support obligations.

III.  Discussion

    A.  Motion for Summary Judgment Against Botha

Botha's untimely response and Counter Motion to the Government's Motion for Summary Judgment and for Disbursement of the Interpleader Funds does not contest the validity of the Government's assessments and liens as against him.  Instead, Botha attempts to argue that the Fund should be distributed to Lato to satisfy a child support agreement between Botha and Lato.

Article III, §2 of the U.S. Constitution places the case or controversy limit on the federal judiciary. "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc., 528 U.S. 167, 180-81 (2000). Moreover, a party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499 (1975). There are exceptions to this rule, none of which apply here.

Since Botha is not claiming that the Fund should go to him, there is no "injury in fact." Botha's claim that the Fund for child support should go to Lato and not the IRS cannot properly be asserted by Botha.  Accordingly, summary judgment is granted in favor of the Government as to Botha.

    B.  Motion to Set Aside Default

Federal Rule of Civil Procedure 55(c) provides that a court may set aside an entry of default "for good cause." In analyzing good cause, the Court must consider "(1) whether the defaulting party engaged in culpable conduct leading to the default; (2) whether vacating the entry of default would prejudice the plaintiff; and (3) whether the defaulting party has a meritorious defense." Franchise

3

Holding II, LLC, v. Huntington Restaurants Group. Inc., 375 F.3d 922, 926 (9th Cir.2004)). "As these factors are disjunctive, the district court was free to deny the motion 'if any of the three factors was true.'" Franchise Holding, 375 F.3d at 926 (citing American Ass'n of Naturopathic Physicians v. Hayhurst, 277 F.3d 1104, 1108 (9th Cir.2000)).

Since this is an interpleader action, Plaintiff would not be prejudiced by setting aside the default. Accordingly, the Court will examine whether Lato's conduct was culpable and whether she has a meritorious defense.

### 1. Culpable Conduct

Defendant's conduct is culpable if he/she "received actual or constructive notice of the filing of the action and failed to answer" or otherwise defend. Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 690 (9th Cir.1988). However, a defendant's failure to answer may be excused depending on the reason for the delay if defendant acted in good faith. See TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir.2001). Further, conduct is culpable only where the explanation of the default is consistent with a devious, deliberate, willful or bad faith failure to respond. See Employee Painter's Trust v. Ethan Enters., 480 F.3d 993, 1000 (9th Cir.2007).

There can be no question that Lato's failure to respond was willful because she received actual notice of the action and signed a waiver of the service of summons (#12). Lato admits that she did not respond to this action because she believed that Botha's defense to the interpleader would "inure to her benefit." Lato only answered this action upon learning in the Government's Motion for Summary Judgment of the Government's correct contention that Botha could not assert claim to the Funds on her behalf. This does not constitute a grounds for excuse of Lato's failure to answer the action. Accordingly, this factor does not support relief from the default.

//
//
//

2.  Meritorious Defense

To succeed on a motion to set aside a default, the defendant must set forth specific facts that constitute a defense. See Franchise Holding, 375 F.3d at 926.  Further, mere general denial, without facts to support it, is not sufficient. See Id.

Lato states that she has a meritorious claim to the Funds because she is the mother of Botha's children and "the beneficiary of a valid court order requiring Botha to pay child support." The Stipulated Support Order between Botha and Lato does not operate as a lien against the Fund. It is undisputed that Leto never recorded the Stipulated Support Order.  NRS. 125B.142 provides that "[i]f a responsible parent is in arrears in the payment for the support of a child pursuant to an order of a court of this State, the order may be recorded in the manner prescribed in NRS 17.150 for the recording of a judgment lien in the office of the county recorder of any county."  Absent a provision to the contrary, the priority of a federal tax lien is governed by the common-law principle that "the first in time is the first in right." United States v. New Britain, 347 U.S. 81(1954).[2]  Even if Lato recorded the Stipulated Support Order, it would be inferior to the Government's lien.  Accordingly, Lato lacks a meritorious defense and the Motion to Set Aside Default is denied.

IV.  Conclusion

**IT IS HEREBY ORDERED THAT** Defendant United States of America, Department of the Treasury's Motion for Summary Judgment and for Distribution of Interpleader Funds (## 37, 42) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** Defendant Edmund C. Botha's Counter Motion for Summary Judgment (#45) is **DENIED**.

**IT IS FURTHER ORDERED THAT** Plaintiff Craig J. Murphy's Motion to Deposit Funds (#49) is **GRANTED.**

---

[2] Although payments of child support may be exempt from a tax levy pursuant to 26 U.S.C 6334(a)(8), the Government asserts its claim on the Fund based on tax liens.  Any exemption of the levy are inapplicable to the Fund at issue here.

5

1    **IT IS FURTHER ORDERED THAT** Defendant Terry Lato's Motion to Set Aside the
2    Entry of Default (#54) is **DENIED**.
3    DATED this 6th day of April 2012.

_____
Kent J. Dawson
United States District Judge